DAVID J. TSAI (SBN 244479)
david.tsai@pillsburylaw.com
JOHN STEGER (SBN 341299)
john.steger@pillsburylaw.com
**PILLSBURY WINTHROP SHAW PITTMAN LLP**
Four Embarcadero Center, 22nd Floor
San Francisco, CA 94111
Telephone: (415) 983-1000
Facsimile: (415) 983-1200

Carolyn S. Toto (SBN 233825)
carolyn.toto@pillsburylaw.com
**PILLSBURY WINTHROP SHAW PITTMAN LLP**
725 South Figueroa Street, 36th Floor
Los Angeles, CA 90017
Telephone: 213.488.7100

*Attorneys for Defendant*
*Houzz Inc.*

**UNITED STATES DISTRICT COURT**

**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

AR DESIGN INNOVATIONS LLC,

Plaintiff,

v.

HOUZZ INC.,

Defendant.

Case No. 2:25-cv-07963-SVW-AJR

**DEFENDANT HOUZZ INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT FOR PATENT INFRINGEMENT**

JURY TRIAL DEMANDED

Defendant Houzz Inc. ("Houzz" or "Defendant") hereby responds to Plaintiff AR Design Innovations LLC's ("AR Design" or "Plaintiff") Complaint for Patent Infringement ("Complaint") as follows. Any allegations not expressly admitted are hereby denied.

**NATURE OF THE ACTION**[1]

1. In response to Paragraph 1 of the Complaint, Defendant admits that Plaintiff filed this action against Defendant and that Exhibit A to the Complaint, on its face, purports to be a copy of United States Patent No. 7,277,572 ("the '572 Patent"). Defendant denies all remaining allegations contained in Paragraph 1.

2. In response to Paragraph 2 of the Complaint, Defendant admits that Plaintiff seeks monetary damages in its Complaint. To the extent a further response is required, Defendant denies each and every remaining allegation in Paragraph 2.

**PARTIES**

3. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 3 and therefore denies them.

4. Defendant states that it is a corporation organized and existing under the laws of the State of Delaware Defendant further states that Houzz is a fully remote company and does not maintain any physical office locations in California and that the mailing address listed at 8605 Santa Monica Blvd., #90918, West Hollywood, CA 90069 is a virtual mailing address used solely for administrative correspondence. Defendant denies the remaining allegations.

5. In response to Paragraph 5 of the Complaint, Defendant admits that Houzz may be served through its registered agent for service, Corporation Service Company, Inc., located at 251 Little Falls Drive, Wilmington, Delaware 19808.

[1] The headings in the Complaint are reproduced herein for the convenience of the reader. To the extent such headings include or infer allegations, they are denied.

## JURISDICTION AND VENUE

6. In response to Paragraph 6 of the Complaint, Defendant incorporates by reference its responses to Paragraphs 1 through 5 of the Complaint.

7. Paragraph 7 consists of legal conclusions to which no response is required. To the extent a response is required, Defendant admits that this action purports to be an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. §§ 271, 281, and 284–85, and that this Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a). Defendant denies that Plaintiff is entitled to any relief or damages.

8. Paragraph 8 consists of legal conclusions, to which no response is required. To the extent a response is required, Defendant denies the allegations.

9. Paragraph 9 consists of legal conclusions, to which no response is required. To the extent a response is required, Defendant denies the allegations.

10. Paragraph 10 consists of legal conclusions, to which no response is required. To the extent a response is required, Defendant denies the allegations.

11. In response to Paragraph 11 of the Complaint, Defendant further states that Houzz is a fully remote company and does not maintain any physical office locations in California. The mailing address listed at 8605 Santa Monica Blvd., #90918, West Hollywood, CA 90069 is a virtual mailing address used solely for administrative correspondence. Defendant denies the remaining allegations.

12. In response to Paragraph 12 of the Complaint, Defendant admits that it maintains certain business operations and employees within California. Defendant denies the remaining allegations.

13. In response to Paragraph 13 of the Complaint, Defendant admits that it conducts certain business activities, including marketing and customer engagement, within California. Defendant denies the remaining allegations.

14. Defendant denies the allegations in Paragraph 14.

## THE TECHNOLOGY

15. In response to Paragraph 15 of the Complaint, Defendant incorporates by reference its responses to Paragraphs 1 through 14 of the Complaint.

16. In response to Paragraph 16 of the Complaint, Defendant admits that Exhibit A, which purports to be a copy of the '572 Patent, on its face, lists Cathryn MacInnes and Gerald Pearlstein as the named inventors. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations and therefore denies them.

17. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 17 and therefore denies them.

18. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 18 and therefore denies them.

19. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 19 and therefore denies them.

20. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 20 and therefore denies them.

21. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 21 and therefore denies them.

22. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 22 and therefore denies them.

23. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 23 and therefore denies them.

24. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 24 and therefore denies them.

25. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 25 and therefore denies them.

26. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 26 and therefore denies them.

27. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 27 and therefore denies them.

**THE ACCUSED PRODUCTS**

28. In response to Paragraph 28 of the Complaint, Defendant admits that it owns and operates the website https://www.houzz.com/, through which it advertises, markets, and provides information about certain products and services to customers. Defendant denies the remaining allegations.

29. In response to Paragraph 29 of the Complaint, Defendant admits that it previously offered certain mobile and web-based tools, including a feature referred to as "View in My Room." Defendant further states that the "View in My Room" feature was discontinued on or about September 2, 2025, and is no longer offered. Defendant admits that it offers certain mobile and web-based tools, including features referred to as the "3D Products" tool. Defendant denies the remaining allegations.

30. In response to Paragraph 30 of the Complaint, Defendant admits that its mobile applications are available for download from Apple's App Store and Google Play. Defendant denies the remaining allegations.

31. In response to Paragraph 31 of the Complaint, Defendant admits that its mobile applications have been downloaded by users from Apple's App Store and Google Play. Defendant denies the remaining allegations.

32. In response to Paragraph 32 of the Complaint, Defendant admits that the Houzz mobile application is available on Google Play and that user reviews appear publicly on that platform. Defendant denies the remaining allegations.

33. In response to Paragraph 33 of the Complaint, Defendant admits that the Houzz mobile application is available on Apple's App Store and that user reviews appear publicly on that platform. Defendant denies the remaining allegations.

34. In response to Paragraph 34 of the Complaint, Defendant admits that it advertises and users may access Defendant's website and mobile applications in the United States, including in California. Defendant denies the remaining allegations.

## COUNT I: INFRINGEMENT OF U.S. PATENT NO. 7,277,572

35. In response to Paragraph 35 of the Complaint, Defendant incorporates by reference its responses to Paragraphs 1 through 34 and denies that Plaintiff is entitled to any relief or damages.

36. In response to Paragraph 36 of the Complaint, Defendant admits that Exhibit A, on its face, indicates that the United States Patent and Trademark Office issued the ’572 Patent on October 2, 2007, and that a Certificate of Correction issued on May 18, 2010. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations and therefore denies them.

37. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 37 and therefore denies them.

38. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 38 and therefore denies them.

39. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 39 and therefore denies them.

40. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 40 and therefore denies them.

41. Defendant denies the allegations in Paragraph 41.

42. Defendant denies the allegations in Paragraph 42.

43. Defendant denies the allegations in Paragraph 43.

44. Defendant denies the allegations in Paragraph 44.

45. Defendant denies the allegations in Paragraph 45.

46. Defendant denies the allegations in Paragraph 46.

47. Defendant denies the allegations in Paragraph 47.

48. Defendant denies the allegations in Paragraph 48.

49. Defendant denies the allegations in Paragraph 49.

50. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 50 and therefore denies them.

51. Defendant denies the allegations in Paragraph 51.

52. Defendant denies the allegations in Paragraph 52.

53. Defendant denies the allegations in Paragraph 53.

54. Defendant denies the allegations in Paragraph 54.

55. Defendant denies the allegations in Paragraph 55.

**JURY DEMAND**

56. Paragraph 56 consists of legal conclusions, to which no response is required. To the extent a response is required, Defendant denies the allegations and denies that Plaintiff is entitled to a jury trial or any relief.

**PRAYER FOR RELIEF**

57. Defendant denies that Plaintiff is entitled to any of the relief requested in subparagraphs (a) through (h) of its Prayer for Relief, or to any other relief whatsoever.

**PRAYER FOR RELIEF**

Subject to the responses above, Defendant alleges and asserts the following defenses in response to the allegations in Plaintiff's Complaint, undertaking the burden of proof only as to those defenses deemed affirmative defenses by law, regardless of how such defenses are denominated herein. In addition to the affirmative defenses described below, subject to its responses above, Defendant specifically reserves all rights to allege additional affirmative defenses that become known through the course of discovery.

**FIRST AFFIRMATIVE DEFENSE**

**(FAILURE TO STATE A CLAIM)**

Plaintiff's Complaint and the allegations therein fail to state a claim upon which relief may be granted.

**SECOND AFFIRMATIVE DEFENSE**

**(NON-INFRINGEMENT)**

Defendant does not infringe and has not infringed, directly or indirectly, any valid claim of the ’572 Patent, either literally or under the doctrine of equivalents, willfully or otherwise. Defendant has not performed any act and is not proposing to perform any act in violation of any rights validly belonging to Plaintiff.

**THIRD AFFIRMATIVE DEFENSE**

**(INVALIDITY)**

The asserted claims of the ’572 Patent are invalid for failure to satisfy the requirements of 35 U.S.C. § 100, et seq., including, but not limited to, one or more of 35 U.S.C. §§ 101, 102, 103, 112, and/or 116.

**FOURTH AFFIRMATIVE DEFENSE**

**(LIMITATION ON DAMAGES)**

Plaintiff’s claims for damages are statutorily limited under 35 U.S.C. §§ 284, 285, 286, 287, and/or 288.

**FIFTH AFFIRMATIVE DEFENSE**

**(PROSECUTION HISTORY ESTOPPEL)**

By reason of statements, representations, concessions, admissions, arguments, and/or amendments made by or on behalf of the applicants during the prosecution of the patent application that led to the issuance of the ’572 Patent, Plaintiff’s claims of patent infringement are barred in whole or in part by the doctrine of prosecution history estoppel.

**SIXTH AFFIRMATIVE DEFENSE**

**(EQUITABLE DEFENSES)**

Plaintiff’s claims for relief are barred in whole or in part by laches, waiver, acquiescence, equitable estoppel, unclean hands, and/or other equitable defenses.

**SEVENTH AFFIRMATIVE DEFENSE**

**(FAILURE TO MARK)**

Plaintiff's claims for damages are barred, in whole or in part, under 35 U.S.C. § 287 because Plaintiff and/or its predecessors-in-interest failed to properly mark any products covered by the asserted patent or otherwise give actual or constructive notice to Defendant of any alleged infringement before the filing of the Complaint.

**EIGHTH AFFIRMATIVE DEFENSE**

**(MOOTNESS)**

Plaintiff's claims for injunctive relief and any request for ongoing royalties are moot because Houzz discontinued the accused "View in My Room" feature on or about September 2, 2025, and no longer offers any products or services accused of infringement in this action.

**NINTH AFFIRMATIVE DEFENSE**

**(LACK OF PRE-SUIT KNOWLEDGE/WILLFULNESS)**

Defendant did not have actual knowledge of the '572 Patent prior to service of the Complaint and lacked any specific intent to infringe. Accordingly, Plaintiff's allegations of willful infringement and any claims for enhanced damages under 35 U.S.C. § 284 fail as a matter of law.

**TENTH AFFIRMATIVE DEFENSE**

**(LACK OF STANDING)**

On information and belief, Plaintiff lacks sufficient ownership or enforcement rights in the '572 Patent to have standing to bring this action.

**ELEVENTH AFFIRMATIVE DEFENSE**

**(PATENT EXHAUSTION/IMPLIED LICENSE)**

Plaintiff's claims are barred, in whole or in part, by the doctrines of patent exhaustion and/or implied license, to the extent any accused acts were authorized, permitted, or licensed—expressly or implicitly—by Plaintiff or its predecessors-in-interest.

**TWELFTH AFFIRMATIVE DEFENSE**

**(FAILURE TO JOIN NECESSARY PARTY)**

Plaintiff's claims are barred, in whole or in part, by failure to join indispensable parties having ownership or licensing interests in the asserted patent.

**RESERVATION OF DEFENSES**

Defendant reserves the right to amend this Answer with additional affirmative defenses as they become known through the course of discovery.

**DEFENDANT'S PRAYER FOR RELIEF**

WHEREFORE, Defendant prays for judgment as follows:

A. Plaintiff takes nothing by way of its Complaint;

B. The Court enter judgment in favor of Defendant and against Plaintiff on all counts, thereby dismissing the Complaint in its entirety with prejudice;

C. The Court find that the '572 Patent is invalid and/or unenforceable;

D. The Court find that Defendant has not infringed, directly or indirectly, any valid claim of the '572 Patent, either literally or under the doctrine of equivalents, willfully, or otherwise;

E. The Court find that Plaintiff is not entitled to any damages;

F. The Court find that this is an exceptional case under 35 U.S.C. § 285 and award Defendant its reasonable attorneys' fees and costs; and

G. The Court award such other and further relief to Defendant as it deems just and proper.

**JURY TRIAL DEMAND**

Defendant hereby demands a trial by jury on all issues so triable.

Dated: November 4, 2025

**PILLSBURY WINTHROP SHAW PITTMAN LLP**

*/s/ David J. Tsai*
David J. Tsai

*Attorneys for Defendant Houzz Inc.*

# CERTIFICATE OF SERVICE

The undersigned certifies that on November 4, 2025, the above document was electronically filed with the Clerk of the Court using the court's CM/ECF system which will send an electronic notification of the filing to all registered counsel.

*/s/ David J. Tsai*
David J. Tsai